Rufus A. Williams
Clay County Jail
41771 AL, HWY. 77, Suit #2
Asland AL., 36251

*RECEIVED JAN -2 2025 U.S.C.A. 3rd. CIR*

23-2773

November 19, 2024

Third Circuit Court of Appeals
James Byrne, United States Courthouse
United States Court House
601 Market Street,
Philadelphia, PA., 19106

Pursuant to: <u>Ojeda v. Mendez</u>, 2024 U.S. App. LEXIS 1055, "Pro se Submissions are reviewed with Solicitude, and must be construed liberally and interpreted to raise the strongest argument that they Suggest.

Please accept this submission in lieu of a more formal breif, in response to the Government's October 2024 Correspondence wherein the argument that Williams failed to raise the 922(g)(1) unlawful issue, pretrial. As the record clearly reflects, Williams did in fact challenge application of § 922(g)(1) relying on, "the <u>Bruen</u> test" <u>NY. State Rifle & Pistol Association v. Bruen</u>, 597 U.S. 1, 10 (2022).

Upon review of Pro se Defendant's: <u>Amended Appeal Breif</u>, at: Pp. 18: Dkt. 830, at: 9; 831, at: 6; 832, at: 5-25; 837; & 842, at: 33; 842-1 & 847, <u>Bruen</u>, 597 U.S. at 17; See also Appx 1: Vol. 2, at: 5

The record demonstrates that Williams in fact, did raise and rely on Bruen, as this Court is aware, the Range, "as applied" argument had not been raised. Range v. A.G. United States, 69 F.4th 96, 103 (3d Cir. 2023).

Williams seeks permission from this Court: The Third Circuit Court of Appeals, to proceed in addressing Government's October 2024 Correspondence to this Court. If this Court requires defendant to submit a separate request seeking permission, defendant will humbly submit and comply, if not, Williams proceeds.

The Government, in it's October 2024 Submission re-visits the position that Williams did not raise challenge to § 922(g)(1)'s application pretrial. However, that argument, along with previously, as well as newly submitted case law is moot and misplaced.

As is clear in defendant's Amended Appeal Breif, as mentioned above, the record supports Williams's position that challenge was raised pretrial, relying on Bruen, in (the Bruen test), Range and it's progenies had not been decided. Bruen (2022) Court replied upon: "Second Amendment, plain text historical analysis"

Bruen courts made clear: "possession of a Firearm within one's home, and even in public, is the Spirit of this right, and falls within, therefore being firmly covered in it's core. NY State Rifle & Pistol Association v. Bruen, 597 U.S. 1, 10 (2022). "Firearm possession unquestionably constitutes conduct protected by The Second Amendment." District of Columbia v. Heller, 554 U.S. 570, 629-30 (2008). Heller relied upon the two-step means-end-scrutiny test/analysis.

The Bruen Court held that two-step process as being, "one-step too many". Bruen, 142 S.Ct. at 2130-33; See also Id at 19

In Bruen, our Nation's Highest Court also held that, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 597 U.S. at 17 (emphasis added) "to regulate Second Amendment protected conduct, the Government must:

> "demonstrate that the regulation is consistent with this Nation's historical traditions of Firearm regulation. Only if a Firearm regulation is consistent with this Nations historical traditions may a Court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." Id.

The district Court in the Williams motion denial, held that the Government met that burden even though the Government presented No historical analogue of any Kind.

In: Konigsberg v. State Bar of Cal., 366 U.S 36, 50 n. 10 (1961) "The burden in Bruen's test thus falls on the Government to affirmatively prove that it's Firearms regulation is part of the historical tradition that delimits the outer bounds of the right to Keep and bear arms." Id. at 19; United States v. Daniels, 77 F. 4th 337, 344 (5th Cir. 2023)(noting that "the Government ha[d] the burden to find and explicate the historical sources" that Supported § 922 (g)(1)'s Constitutionality). Atkinson v. Garland, 70 F. 4th 1018, 1019 (7th Cir. 2023)(same) This Framework applies to provisions of Title 18 U.S.C. § 922 (g); See also: United States v. Rahimi, 602 U.S. ___, 2024 WL 3074728, at *6-7, *9 (June 21, 2024)(applying 'the Bruen test' to § 922 (g)(8))

For instance, in United States v. Bullock, the district Court decided not to rely on language from Heller about longstanding prohibitions on the possession of Firearms by Felons, because it was dicta that amounted to an advisory opinion. 2023 U.S. Dist. LEXIS 112397, 2023 WL 4232309 at *17-19.

In Fact, "Heller's presumption that such bans were lawful was precautionary, not conclusive", it did not invite Courts onto an analytical off-ramp to avoid Constitutional analysis. Id. at 686-87. Under that Constitutional analysis, a Felony Conviction does not exclude one from Constitutional protections, "as one remains part of the Political Community (see Presedent Donald J. Trump), one of "The People" who enjoy the protections of The Constitution" of The United States of America.

See Range v. A.G. United States, 69 F.4th 96, 103 (3d Cir. 2023) (en banc) "We reject the Government's contention that only law abiding responsible citizens are counted among "The People" protected by The Second Amendment". United States v. Varello Mandera, 596 U.S. 159, 176, 142 S.Ct. 1539, 212 L.Ed 496 (2022)

To say otherwise leaves "the Safety of all Americans to the mercy of State authorities who may be more concerned about disarming "The People" than about keeping them (us) Safe." Caetano v. Massachusetts, 577 U.S. 411, 422, 136 S.Ct. 1027 194 L.Ed 99 (2016).

Williams, as demonstrated, did indeed raise challenge to Government's application of § 922(g)(1), requesting the lawfully unjustifiable defect in the indictment be dismissed.

Pro se Defendant Williams humbly submits this offering, praying it be permitted by this court, The Third Circuit Court of Appeals. Williams is not in possession of his Amended Appeal at this time because he is currently in disciplinary detention for taking part in a peaceful hunger strike, by not eating for four days Williams is appealing the write-up, based on the enclosed.

Therefore, this response may be a bit late, not certain whether this court set a time-limit. The offerings of the Dkt. Nos are to the best of Williams's recollection, however, he is certain that he did raise objection to Government's §922(g)(1) application, pretrial, and again before his trial had concluded.

William will notify this court of address when destination is reached, as he is in transit currently.

Humbly & Respectfully<br>Submitted:<br>[signature]

Case: 23-2773   Document: 49   Page: 7   Date Filed: 01/02/2025

Rufus Williams 72898-050
Clay County Jail
41771 AL, HWY., 77, Suite #2
Ashland, AL. 36251



U.S.M.S. X-RAY

THE THIRD CIRCUIT COURT OF APPEALS
James Byrne, United States Court House
UNITED STATES COURT HOUSE
601 Market Street
Philadelpia, PA. 19106